OPINION
On February 10, 1996, Brian Cahill passed away. Mr. Cahill's last will and testament was admitted to probate on April 9, 1996. Mr. Cahill's former wife, appellee, Diane Cahill, was named executrix of the estate per the terms of the will.
On April 15, 1996, Mr. Cahill's surviving spouse, appellant, Cindy Cahill, filed a motion to remove appellee as executrix of the estate based upon the terms of the separation agreement entered into by appellee and Mr. Cahill on April 25, 1991. Appellant was represented by Attorney Robert Gluck. By judgment entry filed May 22, 1996, the trial court substituted appellant as Administratrix W.W.A.
On July 9, 1996, appellee filed a claim against Mr. Cahill's estate based upon terms in the separation agreement. On July 28, 1997, appellee's attorney, Thomas D. Gindlesberger, filed a motion to remove Attorney Gluck as appellant's legal counsel because Mr. Gluck had represented appellee in the divorce case and had negotiated the terms of the separation agreement giving rise to appellee's claim against Mr. Cahill's estate. By judgment entry filed November 19, 1997, the trial court granted said motion and removed Mr. Gluck as appellant's attorney.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THE TRIAL COURT ABUSED ITS DISCRETION IN REMOVING COUNSEL FROM THE ESTATE FOR FAILURE OF PROOF THAT THE REMOVAL WAS NECESSARY AND THERE OCCURRED A VIOLATION OF DISCIPLINARY RULE 4-101 AND DISCIPLINARY RULE 5-105 A, B, C.
 I
Appellant claims the trial court abused its discretion in removing her attorney based upon the appearance of impropriety. We disagree.
Our standard of review when considering an appeal from a trial court's removal of an attorney is abuse of discretion.Cleveland v. Cleveland Elec. Illum. Co. (N.D. Ohio 1977),440 F. Supp. 193. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
The motion for removal filed on July 28, 1997 claimed the following:
 Robert N. Gluck as legal counsel for the Estate of Bryon J. Cahill, aka Brian Cahill, deceased, and for Cindy J. Cahill, Administratrix W.W.A., is practicing under a conflict of interests by virtue of the fact that he represented Diane E. Cahill in Case No. 90-D-258, 44-14884 (Divorce) Common Pleas Court, General Division, Holmes County, Ohio, and that he as her legal counsel negotiated the terms and conditions for a separation agreement which became a part of a Judgment Entry in said Case and wherein said terms provided that Diane E. Cahill, in exchange for a Quit Claim Deed to real estate then owned by her and Brian J. Cahill, deceased, was to receive the principal amount of $10,000.00 bearing interest at the rate of Ten Percent (10%) per annum and which sum was to be paid within seven (7) years from the execution of the date of said separation agreement and said payment was ordered by the Court in Case No. 90-D-258, 44-14884. * * * Attorney Robert N. Gluck now represents Cindy J. Cahill, Administratrix W.W.A., and the Estate of Bryon J. Cahill, aka Brian Cahill, deceased, and has advised his client, Cindy J. Cahill, Administratrix W.W.A., to reject the claim of Diane E. Cahill for $10,000.00 which he negotiated for her in the Separation Agreement now a part of the Judgment Entry in said Divorce Case and which principal amount plus interest remains unpaid as of the date of this Motion.
Appellant does not deny these facts (See, Appellant's Brief at Statement of Facts), and the record indicates appellee's proof of claim filed on July 9, 1996 and the October 28, 1996 rejection of said claim by appellant, Mr. Gluck's client.
In its judgment entry filed November 19, 1997, the trial court removed Mr. Gluck as appellant's attorney and explained its decision as follows:
 The Court believes it was inappropriate for Mr. Gluck to agree to represent Cindy Cahill and the Estate herein, based upon the appearance of impropriety. * * *
 The Court believes the critical moment in Mr. Gluck's representation of Cindy Cahill herein occurred when she determined, for whatever reason, to deny the claim of Diane Cahill. * * * It was also at this point in time that the appearance of impropriety created by Mr. Gluck's representation of Cindy Cahill and the Estate was magnified. It was also at this point in time, since he now was forced to argue against his former client, that any confidences or secrets he may have gained while representing Diane Cahill could theoretically be used against her.
In support of its decision, the trial court cited to DR 4-101 "Preservation of Confidences and Secrets of a Client," DR 5-105 "Refusing Employment When the Interests of the Lawyer May Impair the Lawyer's Independent Professional Judgment" and EC 9-1 and EC 9-6 under Canon 9 of the Code of Professional Responsibility titled "A Lawyer Should Avoid Even the Appearance of Professional Impropriety."
Based upon Mr. Gluck's prior representation of appellee, a claimant against Mr. Cahill's estate whose claim is founded on the separation agreement negotiated by Mr. Gluck, we find the trial court did not abuse its discretion in removing Mr. Gluck as appellant's attorney. We concur with the trial court that at the time of Mr. Gluck's removal, there was a potential conflict of interest as Mr. Gluck could have been called as a witness in support of appellee's claim. However, based upon the record, we do not find any violations of the Code of Professional Responsibility sections cited by the trial court. Matters of discipline under said code lie solely with the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio and not upon trial and appellate courts.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Holmes County, Ohio, Probate Division is hereby affirmed.
By Farmer, P.J., Reader, J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Holmes County, Ohio, Probate Division is hereby affirmed.
On June 11, 1998, appellant filed a motion to file an amended brief. The brief as amended included an additional page of argument. Said motion is denied as it was filed on the day of oral argument. Appellee's counsel had waived oral argument and was therefore unable to respond.